NICHOLAS FIORE, PLAINTIFF, v. HUDSON COUNTY EMPLOYEES PENSION COMMISSION, DEFENDANT.

Superior Court of New Jersey
Chancery Division

Decided February 2, 1978.

*Mr. Gerald D. Miller* for plaintiff (*Messrs. Miller, Hochman, Meyerson & Schaffer,* attorneys).

*Mr. Francis P. Morley,* Assistant County Counsel, for defendant (*Mr. Charles M. Schimenti,* Acting Hudson County Counsel, attorney).

KENTZ, J. S. C. This action is proceeding as a class action pursuant to *R.* 4:32–1 *et seq.*, as mandated by *Fiore v. Hudson Cty. Employees Pension Comm'n*, 151 *N. J. Super.* 524, 529 (App. Div. 1977).

Plaintiff and the class of persons which he represents were or are receiving pensions from the County of Hudson (county). The Hudson County Employees Pension Commission (Commission) deducted 3% from their pension benefits until January 3, 1974 in order to permit the widows and dependents to continue to receive the pension after an employee's death. On each pension application appeared the following statement: "If retired, I desire that 3% be deducted from my pension for the benefit of my dependents." If a person failed to complete this portion of the application, the secretary of the Commission informed the individual that the 3% deduction was mandatory.

A review of each application would be conducted and if the prospective pensioner had a wife but failed to indicate on his application that he desired the deduction to be made, the secretary would call the employee back to his office and inform him that an affirmative response was required in order to provide pension benefits for his dependents. Any further inquiry would result in the same response from the Commission. Plaintiff has pointed out that this demand was not an idle threat, for if in fact a pension application slipped through without the appropriate deductions so indicated, no pension benefits would be distributed until the widow paid the amount that the employee would have contributed had such deduction been made.

Both plaintiff and defendant now move for partial summary judgment on the issue of the liability of the county for deducting the 3% from the pension. *R.* 4:46. The parties have agreed that the matter is ripe for such a judgment.

This case presents a novel issue concerning the authority of the Commission to make deductions from a pension fund. The statute in effect at the time that these deductions were made was *N. J. S. A.* 43:10–7 (1962). This section was

amended in 1973 to be effective upon its adoption by county resolution, but the amendment applies prospectively and therefore does not apply to the reopening of pension cases to discover improprieties in the administration of the county employees' pension fund. *Skulski v. Nolan*, 68 *N. J.* 179, 202 (1975). Prior to the amendment this section provided in pertinent part:

a. The county treasurer shall deduct from every payment of *salary* to any county employee who is benefited by this article and pay to the fund, three per cent of the amount of the *salary*. [Emphasis added]

The statute clearly speaks in terms of deducting funds from salary. In this case the County has deducted an additional 3% from the pension in order to provide for the widow and dependents. The question is raised as to whether the county may employ other means to assure funding for pension payments to widows and dependents.

To resolve this issue the court looks to the provisions of the pension fund act for specific authorization. Firstly, *N. J. S. A.* 43:10–5 (repealed and superceded in 1973 by *N. J. S. A.* 43:10–5.3) and *N. J. S. A.* 43:10–6 (amended 1973) provide for payment of the pension distribution over to the widow or dependent children upon the death of a pensioner. Under these two statutes the prerequisite to receiving the pension benefits is the payment of the required contributions by the pensioner. No additional contributions are mandated in order for the widow or children to receive pension benefits.

Secondly, an examination of *N. J. S. A.* 43:10–11, the section governing the powers and duties of a pension commission, reveals that a commission has "control and management of the funds and of the retirement of the county employees, and may make all necessary rules and regulations regarding the same not inconsistent with this article." Pursuant to this section the Commission does have a certain

degree of discretion and rule-making authority, but both are limited by the specific provisions of the act.

■ The limits of a county commission's discretion has been examined in several cases. In *McCaw v. Ganser,* 123 *N. J. L.* 69 (Sup. Ct. 1939), a policeman who had retired on a county pension due to a permanent disability died and his widow began receiving a pension equal to one-half of the pensioner's pay at his retirement. *Id.* at 70–71. Four months later the pension commission by resolution reduced the widow's benefits to 5/20ths of one-half of the salary at the time of the policeman's retirement. *Id.* at 71. Although the substance of the resolution had been agreed to in writing by all members of the police force, the court held that the widow's "right to a pension was by virtue of the statute and no rule of the local commission, though accepted by her husband, could defeat her right." *Id.* at 72, 74. Likewise, in this case, the Commission could not defeat the rights of pensioners' widows and dependents to their pension benefits by requiring additional deductions.

■ The basic question remains as to whether the pensioners in this class action are entitled to a return of the 3% deduction. The county was authorized by statute to deduct the 3% of the salary, but that statute does not give the commission any discretion in the amount to be collected or as to the sources from which such deductions might be made. See *In re Paterson Redev. Agency,* 141 *N. J. Super.* 414, 423–424 (App. Div. 1976), certif. den. 71 *N. J.* 502 (1976) (retirement benefits for public employees are not subject to the discretion of the public employer) ; *Schliske v. Firemen's & Policemen's Pension Fund Comm'n,* 133 *N. J. L.* 249, 251 (Sup. Ct. 1945) (pension commission has no discretionary right to deny a pension application or withhold application upon so long as statutory requirements are complied with) ; *Beronio v. Hoboken Pension Comm'n,* 129 *N. J. L.* 557, 558 (Sup. Ct. 1943), aff'd 130 *N. J. L.* 620 (1943) ("In the absence of * * * legislation under the clear mandate of

the statute, * * * there is no discretionary right" of the commission to deny pension).

The position that the pension commission can make deductions only from salary is further supported by examining other pension statutes which have authorized deductions from other sources. See, e. g., N. J. S. A. 43:7–13 (prison officers pension fund includes monies from fines, rewards and donations in addition to 6% of salary). See also, *Burns v. Police & Fire Pension Comm'n,* 129 N. J. L. 378, 379–380 (E. & A. 1942) (court construed pension statute authorizing deductions from both pension and salary); *Bader v. Crone,* 116 N. J. L. 329, 330 (Sup. Ct. 1936) (court dealt with pension statutes which required deductions from pension benefits in order that the widow would receive benefits upon the pensioner's death).

From the foregoing, it is clear to this court that if the Legislature desired to authorize additional deductions it would have done so. Accordingly, I find that the Commission deducted 3% from pension benefits without valid authorization. The pensioners are entitled to be reimbursed for all monies so improperly deducted.

Partial summary judgment is granted in favor of the plaintiff and the class which he represents.